UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

March 17, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Orlando M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-1585-BAH

Dear Counsel:

On June 27, 2022, Plaintiff Orlando M. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, ECF 8, the parties' cross-motions for summary judgment, ECFs 12 and 14, and Plaintiff's reply, ECF 15. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion, GRANT Defendant's motion, and AFFIRM the Commissioner's decision. This letter explains why.

I.    PROCEDURAL BACKGROUND

Plaintiff protectively filed a Title XVI application for Supplemental Security Income benefits on May 11, 2016. Tr. 184–90, 441, 667–68. Plaintiff alleged a disability onset of May 19, 2016. Tr. 184–90, 439. Plaintiff's claims were denied initially and on reconsideration. Tr. 89–92, 96–97. On October 1, 2018, an Administrative Law Judge ("ALJ") held a hearing. Tr. 36–61. Following the hearing, on November 15, 2018, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 19–29. After exhausting administrative remedies, Plaintiff sought judicial review in this Court, and, on December 22, 2020, this Court remanded the case back to the SSA with specific instructions pursuant to sentence four of 42 U.S.C. § 405(g). Tr. 522–36 (*Orlando M. v. Comm'r*, No. ADC-19-3188 (D. Md. Dec. 22, 2020)). The Appeals Council ("AC") vacated and remanded the ALJ's prior decision and instructed the ALJ to consolidate the case with a new claim Plaintiff had filed on February 11, 2020. Tr. 559. A different ALJ then held a new hearing on June 17, 2021. Tr. 927–68. Thereafter, the ALJ issued a new decision on August 13, 2021, again finding Plaintiff not disabled. Tr. 439–55. The AC denied review, Tr. 425–35, so the ALJ's 2021 decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000);

---

[1] 42 U.S.C. §§ 301 et seq.

*see also* 20 C.F.R. §§ 416.1484(d), 422.210(a).

## II.  THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since May 11, 2016, the application date." Tr. 441. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative joint disease of the right knee status-post anterior cruciate ligament reconstruction, generalized anxiety disorder, major depressive disorder, bipolar disorder, and post-traumatic stress disorder." Tr. 442. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 443. Regarding Plaintiff's mental impairments, the ALJ determined that Plaintiff had moderate limitations in each of the four areas of mental functioning (known as the "paragraph B" criteria), including (1) understanding, remembering or applying information; (2) interacting with others; (3) concentrating, persisting or maintaining pace; and (4) adapting or managing oneself. Tr. 444–45. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except: He can climb ramps and stairs occasionally, but can never climb ladders, ropes, or scaffolds. He can frequently balance and stoop and can occasionally kneel and crouch, but can never crawl. He must avoid concentrated exposure to extreme cold, vibration, and hazards such as heavy, dangerous machinery and unprotected heights. He is limited to simple, routine, and repetitive tasks requiring only simple decisions, with no fast-paced production requirements such as assembly line work or piecemeal quotas. He is capable of adapting to changes in the work environment, meaning changes in work responsibilities or workplace, which are explained in advance of implementation and implemented gradually over time. He can have occasional contact with coworkers and supervisors, but cannot have contact with the general public. Once work is assigned, it should be performed without working in close coordination with others and generally, tasks should require working with things rather than with people.

Tr. 446. The ALJ determined that Plaintiff has no past relevant work but could perform other jobs that existed in significant numbers in the national economy. Tr. 454–55. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 455.

### III. LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises one argument on appeal, specifically that the ALJ erroneously failed to explain how he concluded Plaintiff required an RFC limited to "no fast-paced production requirements such as assembly line work or piecemeal quotas" and how this limitation is sufficient to address Plaintiff's impairments, precluding judicial review. ECF 12-1, at 9–15. Defendant counters that the ALJ's conclusion is supported by substantial evidence and the ALJ adequately explained Plaintiff's RFC. ECF 14-1, at 5–10.

"'[A] proper RFC analysis' proceeds in the following order: '(1) evidence, (2) logical explanation, and (3) conclusion.'" *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)). "An RFC analysis must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio*, 780 F.3d at 636. In *Mascio*, the Court held that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* at 636 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir.

*Orlando M. v. Kijakazi*
Civil No. 22-1585-BAH
March 17, 2023
Page 4

2015) (per curiam)).

Here, unlike in *Mascio* and *Dowling*, the ALJ provided ample reference to the record to support the RFC determination with substantial evidence. The ALJ engaged in a narrative discussion of Plaintiff's longitudinal medical treatment and cited to specific medical evidence in the record. Tr. 446–51. The ALJ then logically explained how this evidence, coupled with Plaintiff's hearing testimony and numerous medical opinions led him to conclude that Plaintiff's limitations resulting from his severe impairments "have been adequately assessed in the residual functional capacity above." Tr. 451.

In support of his argument, Plaintiff relies on *Pamela P. v. Kijakazi*, No. 1:22-cv-00354-JMC (D. Md. Nov. 29, 2022), ECF 15, and *Rena B. v. Kijakazi*, No. BPG-20-3709, 2022 WL 1714851 (D. Md. Jan. 20, 2022). ECF 12-1, at 14; ECF 12-2; ECF 12-3. In *Pamela P.*, this Court determined that it could not meaningfully review the ALJ's decision when the ALJ did not adequately explain the basis for the limitations in the RFC. *Pamela P.*, ECF 15, at 4. Similarly, in *Rena B.*, this Court determined that the ALJ's lack of explanation about "how a limitation to no production rate pace work would address [the claimant's concentration, persistence, and pace] impairments" frustrated meaningful review. 2022 WL 1714851, at *2.

This case, however, is more analogous to *Kenneth L. v. Kijakazi*. No. SAG-20-624, 2021 WL 4198408, at *2 (D. Md. Sept. 15, 2021) (finding no *Mascio* violation). In that case, this Court found that "[t]he ALJ's decision contains the 'accurate and logical bridge' required between the evidence and the ALJ's conclusion" where the ALJ included an RFC limitation precluding work involving strict production requirements and where the ALJ assigned significant weight to medical opinions that discussed the claimant's abilities to concentrate and maintain pace. *Id.* at *2. Here, the ALJ limited Plaintiff to "no fast-paced production requirements such as assembly line work or piecemeal quotas." Tr. 446. The ALJ also cited to Plaintiff's hearing testimony, treatment notes, and objective record evidence pertaining to his ability to concentrate—some of which indicated normal abilities as well as other evidence that indicated some concentration-related impairments. Tr. 445, 447, 450–52. The ALJ concluded that "[a]lthough the record demonstrates that this claimant has significant functional limitations" due to his mental health conditions, "the medical evidence of record does not support limitations more restrictive than those outlined in the above residual functional capacity assessment." Tr. 450.

Notably, the ALJ afforded significant weight to the medical opinions of the state psychological consultants.[2] Both state consultants determined that Plaintiff's sustained concentration and pace abilities were moderately limited and provided a narrative explanation detailing how Plaintiff nevertheless retained the ability to work a normal workday. Tr. 71 ("Claimant has the ability to focus, attend to and concentrate on above tasks for normal work

---

[2] The ALJ explained that the listing criteria used by the state consultants was outdated by the time the ALJ issued his decision and expressly noted that he only considered the criteria that comply with the revised listing, including difficulties concentrating, persisting, or maintaining pace. Tr. 452.

*Orlando M. v. Kijakazi*
Civil No. 22-1585-BAH
March 17, 2023
Page 5

day/week without unusual distraction or need for special supervision or considerations."), 84 ("[Plaintiff] can persist at simple and routine tasks for a regular workday at an appropriate pace and can sustain at this level over an extended period of time."). Plaintiff does not take issue on appeal with the ALJ's evaluation of these medical opinions.

Nor does Plaintiff explain how a more detailed explanation of the RFC would change the outcome in this case. Rather, Plaintiff argues that the lack of explanation precludes judicial review. But here, as noted above, the ALJ adequately discussed Plaintiff's treatment history and cited to substantial evidence to support his conclusions. Thus, I am able to meaningfully review the ALJ's decision.

My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays*, 907 F.2d at 1456. Governed by that standard, I find that the ALJ's decision is supported by substantial evidence and that remand is unwarranted. Stated differently, after reviewing the ALJ's opinion, I am not "left to guess about how the ALJ arrived at [their] conclusions on [Plaintiff's] ability to perform relevant functions," thus remand is not necessary. *Mascio*, 780 F.3d at 637.

## V.    CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 12, is DENIED and Defendant's motion for summary judgment, ECF 14, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge